UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

J S - 6

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-05112-SSS-DTBx Date: November 4, 2026

Title *Christopher Reeves v. Dominion Financial LLC, et al.*

Present: The Honorable: SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers): Order Dismissing Action Without Prejudice for Failure to Comply with Court Order**

On September 9, 2026, Plaintiff filed a Complaint and a Request to Proceed In Forma Pauperis ("IFP request"). [Dkts. 1, 3]. In this diversity action, Plaintiff, a citizen of Nevada, alleged that Defendant, a Maryland-based lender, misrepresented the terms of a refinancing loan for Plaintiff's mobile home park in Riverside County, California. [Dkt. 1].

On September 16, 2026, the Court denied the IFP request and ordered Plaintiff to pay the $405 filing fee in 30 days. [Dkt. 7]. The Court found that Plaintiff had the ability to pay the filing fee because Plaintiff had reported in his IFP request that he owns real property in Wisconsin valued at two million dollars and that his 2023 income tax return reflected income of $540,000. [*Id.*] Moreover, the Complaint alleged that Plaintiff also owns a mobile-home park in Riverside County, California, which is worth at least $300,000 and which Plaintiff failed to report on the IFP request. [Dkt. 1 at 3]. The Court warned Plaintiff that the failure to pay the filing fee in 30 days would lead to the dismissal of this action without prejudice. [Dkt. 7].

On September 28, 2026, the Court denied Plaintiff's motion for reconsideration of the denial of his IFP request. [Dkt. 10]. Thus, the Court's order from September 16, 2026, which required Plaintiff to pay the filing fee in 30 days, remained in effect.

As of this date, more than 30 days since September 16, 2026, Plaintiff has not paid the filing fee or communicated with the Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-05112-SSS-DTBx Date: November 4, 2026

Title *Christopher Reeves v. Dominion Financial LLC, et al.*

A District Court has the inherent power under Federal Rule of Civil Procedure 41(b) to dismiss an action for failure to comply with the Court's order. *Agnew v. Moody*, 330 F.2d 868, 871 (9th Cir. 1964) (citing *Link v. Wabash R. Co*., 370 U.S. 626, 631 (1962)). "[I]n order for a court to dismiss a case as a sanction, the district court must consider five factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" *Yourish v. California Amplifier*, 191 F.3d 983, 986 (9th Cir. 1999) (quoting *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)).

Here, the first, second, third, and fifth factors weigh in favor of dismissal. *See Yourish*, 191 F.3d at 990 ("[T]he public's interest in expeditious resolution of litigation always favors dismissal."); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest. Arguably, [the] petition has consumed some of the court's time that could have been devoted to other cases on the docket."); *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994) (recognizing that the law presumes injury to the defendants from unreasonable delay); *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1229 (9th Cir. 2006) ("Warning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement."). Although the fourth factor, the public policy favoring disposition of the case on the merits, weighs against dismissal, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Products Liability Litigation*, 460 F.3d at 1228.

In sum, four of the five factors weigh in favor of dismissal. Accordingly, this action is dismissed without prejudice.

**IT IS SO ORDERED.**